**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Perez, | No. CV-16-02845-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Jeh Charles Johnson, | |
| Defendant. | |

Pending before the Court is *pro se* Plaintiff Patricia Perez's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court will grant. However, as detailed below, after screening, the Court will dismiss Plaintiff's Complaint (Doc. 1) for failure to comply with Rule 8 of the Federal Rules of Procedure. The Court will allow Plaintiff leave to a file an amended Complaint.

**I. Application to Proceed in District Court Without Prepaying Fees and Costs**

In Plaintiff's Application for Leave to Proceed Without Prepaying Fees and Costs, she declares under penalty of perjury that she is unable to pay the filing fee and other costs associated with this case. Plaintiff has presented financial information to support her Application. Given Plaintiff's lack of significant income and assets, the Court will grant her Application.

**II. Legal Standards**

    **a. Screening IFP Complaints Pursuant to 28 U.S.C. § 1915(e)(2)**

For cases proceeding *in forma pauperis*, Congress provided that a district court

"shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all *in forma pauperis* complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

### b. Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, the complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### III. Analysis of Plaintiff's Complaint

In her Complaint, Plaintiff sues Jeh Charlese Johnson, as the Head of the Department of Homeland Security (TSA). (Doc. 1.) Plaintiff alleges that she suffered gender discrimination when in May 2011, she was demoted from her position as a Supervisor to an Officer. Plaintiff alleges that the reason given for her demotion initially was her leaving her scheduled shift early, but after an investigation occurred, it was

determined Plaintiff "was incompetent administratively." Plaintiff asserts that since her demotion, other male Supervisors "have had far more egregious offensive and received a mere slap on the wrist with no investigation or if there was an investigation a one or two day suspension."

Although Plaintiff states that this Court has jurisdiction over this case, she does not identify the specific statute under which she brings her claim. And, although she sues Jeh Johnson as the head of the TSA, and asserts allegations regarding the TSA, she does not specifically allege in her Complaint that she was employed by the TSA during the relevant time. However, assuming Plaintiff was an employee of the TSA, and to the extent Plaintiff is asserting a disparate treatment claim of gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et. seq.*, she must establish the following elements of a *prima facie* case of gender discrimination: (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Chuang v. University of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000).

Further, "Title VII specifically requires a federal employee to exhaust [her] administrative remedies as a precondition to filing suit." *Vinieratos v. United States*, 939 F.2d 762, 768-69 (9th Cir. 1991) (citing *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976)). The Ninth Circuit Court has explained the general exhaustion requirements for filing a discrimination complaint by a federal employee:

> To exhaust administrative remedies, the aggrieved federal employee must first attempt to resolve the matter by filing an informal complaint that triggers counseling by an EEOC Counselor. 29 C.F.R. § 1614.105(a). If an informal resolution is not achieved, the employee must then file a formal complaint for decision by an ALJ. *See id.* §§ 1614.105(d), 1614.106. The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b).

- 3 -

*Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012). "Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional prerequisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *Sommatino v. United States of America*, 255 F.3d 704, 708 (9th Cir. 2001) ("[S]ubstantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite.").

Here, Plaintiff alleges that she was discriminated against due to her gender when she was demoted, and that other similarly-situated male employees were treated more favorably. However, Plaintiff does not set forth any allegations to show that she substantially complied with the requirement that she present her discrimination claims to the appropriate administrative authority. *See Sommatino*, 255 F.3d at 710 ("In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction.") (citing *Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986)); *Scott v. Perry*, 569 F.2d 1064, 1065-66 (9th Cir. 1978). Therefore, Plaintiff's Complaint fails to establish that this Court has subject matter jurisdiction over this action, and the Court will dismiss the Complaint pursuant to Rule 8.

**IV.     Leave to Amend**

The Court will give Plaintiff an opportunity, if she so chooses, to amend her Complaint to make clear her allegations. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In the amended complaint, Plaintiff must write out, in short, plain statements, (1) the claim(s) she seeks to assert, (2) sufficient facts to state a claim for relief, and (3) whether she substantially complied with her obligation to present her

claim(s) of discrimination to the appropriate administrative authority.[1]

Plaintiff is warned that if she elects to file an amended complaint and if she fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.  *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

Accordingly,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure no later than **30 days** from the date of this Order. If no amended complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

Dated this 21st day of November, 2016.

Honorable John Z. Boyle
United States Magistrate Judge

---

[1] Further, Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  In any amended complaint Plaintiff files, she shall comply with Rule 10(b).